UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARREN VINSON,

                Plaintiff,

                                           **MEMORANDUM & ORDER**
       v.                                   20-CV-3044 (WFK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Darren Vinson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's application for Supplemental Security Income ("SSI"). Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 12, 15. For the reasons set forth below, Defendant's motion is DENIED, and the Court REMANDS this action to the Social Security Administration for further proceedings.

## PROCEDURAL HISTORY

On September 26, 2016, Plaintiff filed an application for SSI, alleging a disability onset date of September 22, 2015. Administrative Record ("Tr.") at 181, ECF No. 7. After Plaintiff's claim was denied, he requested an administrative hearing. *Id.* at 196-206. A hearing was held on November 5, 2018 before Administrative Law Judge ("ALJ") Robert R. Schriver. *Id.* at 139-60. In a decision dated December 6, 2018, ALJ Schriver determined Plaintiff was not disabled and issued an unfavorable decision against him. *Id.* at 13-22. Plaintiff requested review by the Appeals Council, which was denied on May 6, 2020. *Id.* at 1-5. This was the final act taken by the Commissioner.

## STATEMENT OF FACTS

The evidence in this case is undisputed, and the Court adopts Defendant's factual recitation. *See* Def. Mem., ECF No. 18 at 3-8.

## STANDARD OF REVIEW

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the Court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation omitted). The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## DISCUSSION

I. **Determination of Disability**

A. **Applicable Law**

To be eligible for SSI benefits, an individual must be "aged, blind, or disabled" as defined in 42 U.S.C. § 1382c and, *inter alia*, meet the resource and income limits specified in the Act. For purposes of SSI, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

To evaluate a disability claim, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* § 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. *Id.* § 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the fifth and

final step is to determine whether the claimant can perform any job based on his or her RFC and vocational considerations—work experience, age, and education. *Id.* § 416.920(a)(4)(v). The claimant bears the burden of proving the first four steps, then the burden shifts to the Commissioner at the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77–78 (2d Cir. 1999).

In making a disability determination, "[t]he ALJ will consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370–71 (2d Cir. 2012) (summary order)). When there is conflicting evidence in the record, courts defer to the ALJ's resolution of those conflicts. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). The ALJ shall evaluate every medical opinion on record, although they are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of medical source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1). Moreover, the ALJ need not seek additional information "where there are no obvious gaps in the administrative record." *Rosa*, 168 F.3d at 79 n.5.

### B. The ALJ's Decision

On May 6, 2020, the ALJ issued a decision denying Plaintiff's claim in accordance with the five-step procedure outlined above. Tr. at 15-22. First, the ALJ determined Plaintiff did not engage in substantial gainful activity between September 22, 2015, the alleged onset of disability date, and December 31, 2016, the date upon which he was last insured. *Id.* at 15. Second, he found Plaintiff had severe impairments of alcoholic pancreatitis, diabetic neuropathy, multiple joint arthralgia, and major depressive disorder. *Id.* However, the ALJ found, upon a review of the record, Plaintiff does not have a severe impairment or combination of impairments. *Id.* at 15-

4

16. Specifically, the ALJ found Plaintiff retained the RFC to perform less than a full range of light work. *Id.* at 18. The ALJ then found Plaintiff could not perform his past relevant work at step four. *Id.* at 20-21. That said, the ALJ ultimately determined Plaintiff was not disabled at step five because Plaintiff could perform other work existing in significant numbers in the national economy despite his RFC and other vocational factors. *Id.* at 20-22.

**II.   The ALJ's Determination is Not Supported by Substantial Evidence**

Plaintiff argues ALJ Schriver's determination lacks a meaningful assessment of Plaintiff's physical and mental state. Pl. Mem., ECF No. 15-1 at 11. For the following reasons, this Court finds the ALJ did not err in affording little weight to the opinion of Dr. Georgiou and great weight to the opinion of Dr. Bhutwala but erred in affording great weight to the opinion of Dr. Yevsikova.

First, Plaintiff claims the ALJ erred in ascribing the opinion of Dr. Georgiou little weight because it was "vague" without seeking clarification or a more specific functional assessment. *Id.* at 15. According to Plaintiff, ALJ Schriver was mandated to collect additional information under his obligation to develop the record. *Id.* ALJs are obligated to further develop *clear gaps* in the record. *See Angueira v. Berryhill*, 17-CV-6099 (AMD), 2019 WL 1230768, at *2 (E.D.N.Y. Mar. 15, 2019) (Donnelly, J.) (emphasis added) (citation omitted). On the other hand, "[w]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *See Rosa*, 168 F.3d at 79. Moreover, ALJs are within their discretion to find a doctor's opinion is due only minor weight upon a thorough review of the applicant's treatment history, the doctor's treatment notes, and the rest of the medical record. *Oquendo v. Commissioner of Soc. Sec.*, 17-CV-04992 (PKC) (SN), 2018 WL

3598765, at *12 (S.D.N.Y. July 6, 2018) (Netburn, J.), *report and recommendation adopted sub nom. Oquendo v. Comm'r of Soc. Sec.*, No. 17-CV-4992 (PKC), 2018 WL 3597514 (S.D.N.Y. July 26, 2018) (Netburn, J.). Here, the ALJ considered the detailed support submitted by Dr. Georgiou alongside the larger medical record and determined the opinion to be "internally inconsistent and too vague to be of much use"—an assessment which is within the discretion of the ALJ. Tr. at 20. Because Dr. Georgiou's opinion was inconsistent with evidence in the record, the ALJ did not err in placing little weight on her opinion.

Next, Plaintiff argues the ALJ erred in placing great weight upon the opinion of Dr. Bhutwala who did not personally examine or observe Plaintiff. Pl. Mem. at 15. Plaintiff emphasizes "the views of a non-examining reviewer are a poor basis for making a fine-tuned determination of a person's mental capacity for employment." *Id.* However, "[a]n ALJ is not required to accept the opinion of a treating physician over other contrary opinions, if the latter are more consistent with the weight of the evidence." *Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013). While Dr. Bhutwala did not personally examine Plaintiff, the ALJ considered Dr. Bhutwala's opinion against the record and found it to be consistent. Thus, it was not improper for the ALJ to place greater weight on the opinion of Dr. Bhutwala.

Lastly, Plaintiff claims the opinions of Dr. Yevsikova, upon whose report the government placed "great weight," was too vague. *Id.* Dr. Yevsikova reported Plaintiff has a "moderate limitation" with respect to lifting and carrying activities. *Id.* Plaintiff argues such a classification is too vague to be useful in evaluating Plaintiff's physical condition and states the

6

ALJ was obligated to request a more specific functional assessment from Dr. Yevsikova. *Id.* at 12-13.

"[T]he Second Circuit has held that when compiling an RFC from the record, an ALJ may not rely on opinions that employ the terms "moderate" and "mild" absent additional information." *Perozzi v. Berryhill*, 287 F. Supp. 3d 471, 487 (S.D.N.Y. 2018) (citing *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000) (remanding a decision in part because a doctor's opinions, which were given "great weight" by the ALJ, described a plaintiff as having a "moderate" limitation on sitting, finding this opinion lacked a clear meaning)); *see also Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (remanding the ALJ's judgment because the ALJ determination regarding the plaintiff's abilities to lift certain weights was based solely on the "remarkably vague" opinion of a single doctor). On the other hand, courts in this circuit have determined ALJs neither create gaps in the administrative record nor rely on their own lay opinions when they consider vague descriptions *alongside* a broader record of evidence. *See Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016). It is sufficient so long as the record contains otherwise sufficient evidence supporting an ALJ determination and the ALJ considers all of this evidence. *Id.*; *see also Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (refusing to remand "solely on the ground that the ALJ failed to request medical opinions in assessing residual functional capacity"); *Nusraty v. Colvin*, 213 F. Supp. 3d 425, 443 (E.D.N.Y. 2016) (Brodie, J.) (finding an ALJ's reliance upon a doctor's characterization of a plaintiff's limitations in standing, walking, lifting, and carrying as "moderate" to be an improper basis for a specific functional assessment).

Here, the meaning of Dr. Yevsikova's opinions, which were given great weight, are not clear. Dr. Yevsikova stated Plaintiff had moderate limitations with respect to a variety of

7

activities, including lifting, sitting, standing, walking, and climbing stairs, among others. Tr. at 421. However, there are no further guidelines assessed as to any of these activities by Dr. Yevsikova, nor any other doctor who examined Plaintiff's physical condition. Therefore, Dr. Yevsikova's sole opinion does not provide sufficient support for the ALJ's conclusion that Plaintiff may function in a sedentary job. *See Perozzi*, 287 F. Supp. 3d at 487.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF No. 12, is DENIED and Plaintiff's motion for judgment on the pleadings, ECF No. 15, is GRANTED to the extent it seeks remand. The Court hereby REMANDS this action to the Social Security Administration for further administrative proceedings, including a new decision, consistent with this opinion.

SO ORDERED.



s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2023
　　　　Brooklyn, New York

8